**James A. LECHNER, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 2–1181A384.**

Court of Appeals of Indiana,
Second District.

Sept. 27, 1982.

---

Sandy Leviticus Bryant, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., of Indiana, Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant James A. Lechner (Lechner) appeals his conviction for child molesting,[1] asserting that his conviction was for a crime not charged and not a lesser included offense of the crime charged by the State.

We reverse.

## FACTS

The facts relevant to his appeal deal solely with Lechner's prosecution and the course of events at his trial. On April 13, 1981, an information was filed charging Lechner with attempted child molesting under Ind.Code 35–41–5–1[2] and Ind.Code 35–42–4–3(c) (hereinafter referred to as subsection (c)). Subsection (c) provides in pertinent part:

> "A person sixteen (16) years of age or older who, with a child twelve (12) years of age or older but under sixteen (16) years of age, *performs or submits to* sexual intercourse or *deviate sexual conduct* commits child molesting, a Class C felony."

(Emphasis supplied). Deviate sexual conduct is defined as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person." IC 35–41–1–2. The Information charged Lechner with attempting to engage in deviate sexual conduct:

> "the said JAMES ALTON LECHNER did attempt to unlawfully and knowingly, being at least sixteen (16) years of age, perform or submit to deviate sexual conduct, an act of sexual gratification in-

---

1. Ind.Code 35–42–4–3(d).

2. "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony."

volving a sex organ of one person and the mouth or anus of another with . . . a child who was at least twelve (12) year [sic] of age but under the age of sixteen (16) years, by engaging in conduct to-wit: *by knowingly placing his mouth near the penis of [D.L.]* which constituted a substantial step toward the commission of said crime of Child Molesting . . . ."

*Record* at 3 (emphasis supplied).

The case was brought to trial, without intervention of a jury, in the Marion County Superior Court on July 21, 1981. At the close of the State's evidence, Lechner was granted a judgment on the evidence with respect to the charged crime of attempted child molesting under subsection (c). However, the trial court chose to proceed with the case on the theory that the State had made a prima facie case for child molesting under IC 35–42–4–3(d) (hereinafter referred to as subsection (d)). Subsection (d) provides:

"A person sixteen (16) years of age, or older who, with a child twelve (12) years of age or older but under sixteen (16) years of age, *performs or submits to any fondling or touching,* of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class D felony."

(Emphasis supplied). Lechner was convicted of the Class D felony under subsection (d) of the statute and sentenced to two years in prison.

## ISSUE

■ Because we reverse, we need address only one issue raised by Lechner:

Did the trial court commit reversible error in convicting Lechner of subsection (d) child molesting because it was neither an offense alleged in the charging information nor a lesser included offense of the charged crime?

## DECISION

CONCLUSION—The trial court committed fundamental error in convicting Lechner of child molesting under subsection (d).

■ Although Lechner failed to raise this issue at trial and neglected to allege error in the trial court's action in his motion to correct errors, this court will not ignore fundamental error which appears on the face of the record. Conviction upon a charge not made or for an offense that is not a lesser included offense of the charged crime constitutes a denial of due process— fundamental error which may be raised for the first time on appeal. *Sanford v. State,* (1971) 255 Ind. 542, 265 N.E.2d 701; *Young v. State,* (1967) 249 Ind. 286, 231 N.E.2d 797; *Addis v. State,* (1980) Ind.App., 404 N.E.2d 59. Due process dictates that "a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." *McGairk v. State,* (1980) Ind.App., 399 N.E.2d 408, 411. The charging information must present an accused with such notice:

"In this state, the offense charged in the indictment must be stated with such certainty that the accused, the court, and the jury may determine the crime for which conviction is sought. [Citations omitted] The defendant must be given sufficient information to enable him to prepare his defense and to assure that he will not twice be put in jeopardy for the same crime. Ind.Const. art. I, § 13; *See State v. Brown* (1935), 208 Ind. 562, 196 N.E. 696."

*Blackburn v. State,* (1973) 260 Ind. 5, 11, 291 N.E.2d 686, 690, *appeal dismissed,* 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152.

Lechner was not charged with subsection (d) child molesting, and, as we shall demonstrate, that offense is not a lesser included offense of the charged crime, attempted child molesting under subsection (c). Because he was not afforded notice or an opportunity to prepare a defense to the crime for which he was convicted, Lechner's conviction must be reversed.

■ IC 35–41–1–2 defines an included offense as an offense that "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense

charged ...." [3] This is essentially a codification of the traditional definition of a lesser included offense: to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser. *Gregory v. State,* (1980) Ind., 412 N.E.2d 744; *Estep v. State,* (1979) Ind., 394 N.E.2d 111; *Watford v. State,* (1957) 237 Ind. 10, 143 N.E.2d 405. A matching of the elements of the greater and lesser offenses assures that the traditional test has been met.

The elements of subsection (c) child molesting are: (1) actor, sixteen or older; (2) performs or submits to sexual intercourse or deviate sexual conduct; (3) with a child twelve or older but under sixteen. In charging Lechner with an attempt at such conduct, the State was only required to prove that he acted with the specific intent to commit the crime and took a substantial step toward its commission. *Armstrong v. State,* (1982) Ind., 429 N.E.2d 647; IC 35–41–5–1.

The elements of subsection (d) child molesting are: (1) actor, sixteen or older; (2) performs or submits to *fondling or touching;* (3) with a child twelve or older but under sixteen; (4) with intent to sexually arouse or satisfy the sexual desires of either the actor or the child. In proving that Lechner took a substantial step toward committing deviate sexual conduct under subsection (c), the State was not required to prove fondling or touching; [4] therefore, the offense of subsection (d) child molesting is not established "by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." IC 35–41–1–2. Stated differently, it was possible to commit the charged offense of attempted subsection (c) child molesting without first committing the lesser offense under subsection (d).

The matching of elements test for included offenses, however, "depends not merely on the legal definitions of the greater and lesser offenses, *but also on the allegations of fact contained in the charging instrument.*" *Roddy v. State,* (1979) Ind. App., 394 N.E.2d 1098, 1102. *See also Jones v. State,* (1982) Ind., 421 N.E.2d 15; *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208; *Hash v. State,* (1972) 258 Ind. 692, 284 N.E.2d 770; *Hitch v. State,* (1972) 259 Ind. 1, 284 N.E.2d 783; *Johnson v. State,* (1981) Ind.App., 426 N.E.2d 91. So it is said that included offenses come in two varieties: "inherently" included offenses are those in which the elements of the lesser offense are necessarily committed during commission of the charged crime, and "possibly" included offenses are those in which the elements of the lesser offense, by virtue of the manner and means allegedly employed in the commission of the charged crime, are alleged in the charging instrument. *Roddy, supra.* Therefore, although subsection (d) child molesting is not an "inherently" included offense of subsection (c) child molesting, "we must also look to the wording of the offense charged ... to determine what lesser offenses, if any, are included." *Hash, supra* 258 Ind. at 697, 284 N.E.2d at 773.

**3.** IC 35–41–1–2 provides two other definitions of an included offense that are inapplicable here:

"'Included offense' means an offense that:

. . . . .

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lessor kind of culpability, is required to establish its commission."

The second definition does not apply to these facts because Lechner was not convicted of an attempt. As for the third definition, we are unprepared to hold as a matter of law that the "fondling or touching" for which Lechner was convicted involves less harm, less risk of harm, or a lesser kind of culpability than the attempted deviate sexual conduct with which Lechner was charged.

**4.** *See, e.g., Coleman v. State,* (1980) Ind.App., 409 N.E.2d 647 (evidence of unauthorized entry into child's bedroom by nude defendant who was breathing heavily was sufficient to support conviction for attempted child molesting under I.C. 35–42–4–3(b)).

The charging instrument alleged that Lechner "did attempt to unlawfully and knowingly . . . perform or submit to deviate sexual conduct . . . by engaging in conduct, to-wit: *by knowingly placing his mouth near the penis*" of his victim. (Emphasis supplied). This allegation does not charge Lechner with the crucial element of subsection (d) child molesting, performing or submitting to fondling or touching. The charge did not allege facts which would put Lechner on notice that he would be required to defend against a possible conviction for child molesting under subsection (d).

■ We realize that there was evidence presented at trial supporting a conviction for "fondling or touching" with intent to satisfy sexual desires. "The law requires, however, that the State not only prove the offense for which a defendant is sentenced, but that such offense be included in the charge made against him." *Allison v. State*, (1973) 157 Ind.App. 277, 283, 299 N.E.2d 618, 622. *See also Blackburn, supra; Sanford, supra; Young, supra.* Although there is nothing to prevent the State from properly charging Lechner and seeking a conviction for subsection (d) child molesting, *see Sumpter v. State*, (1976) 264 Ind. 117, 340 N.E.2d 764, *cert. denied*, 425 U.S. 952, 96 S.Ct. 1727, 48 L.Ed.2d 196, the present conviction must be reversed.

Judgment reversed.

SHIELDS and SULLIVAN, JJ., concur.