Otis C. PUCKETT, Jr.,
Appellant-Defendant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 4-582A116.

Court of Appeals of Indiana,
Fourth District.

Dec. 9, 1982.

Richard L. Tandy, Greenwood, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

CONOVER, Judge.

Defendant-appellant Otis C. Puckett, Jr. appeals his conviction by the Johnson Superior Court of Child Molesting.

We affirm.

ISSUES

This appeal presents the following issues:

1. Whether a sufficient foundation was laid to permit the victim to testify as to prior incidents of child molestation.

2. Whether the trial court erred in allowing the police officer to testify as to statements by the victim's mother in spite of the State's alleged violation of the trial court's discovery order.

3. Whether the trial court erred in questioning a witness after the attorneys for the State and defendant had completed their interrogations.

FACTS

Puckett and S.B. were not married but had lived together during most of the five and one-half years preceding July, 1981. S.B. was the mother of two children, M.B., eleven years of age, and A.P., five years of age. Puckett was the father of A.P. but was not the father of M.B.

On the morning of July 7, 1981, Puckett forced M.B. to engage in an act of oral sex with him.

I.

The first issue Puckett raised was whether the trial court erred in permitting the State to elicit testimony from the victim concerning prior sexual occurrences when the victim could not testify as to the specific times and dates of these occurrences. In his argument on this issue, however, Puck-

ett only sets forth copious quotes from the record, and then briefly states he was "denied a fair trial" because the evidence before the court had no foundation, i.e. the witness was unable to testify as to the precise times and occurrences of the prior sexual acts.

Puckett was not denied a fair trial by the trial court cutting off cross-examination. On the contrary, the trial court was lenient to a fault with Puckett as to his cross-examination. Thus, his argument on this score fails.[1]

■ While it is the general rule in Indiana that evidence of separate, independent and distinct crimes to establish the guilt of an accused is inadmissible except to show intent, motive, purpose, identification or common scheme or plan, our supreme court has carved out an exception to that rule as to those acts involving or demonstrating a "depraved sexual instinct." *Grey v. State,* (1980) Ind., 404 N.E.2d 1348, 1352. The victim's testimony in this case as to prior sexual acts fits comfortably within this exception. Further, in *Bullock v. State,* (1978) Ind.App., 382 N.E.2d 179 (witness could not positively identify weapon), and *Rhodes v. State,* (1972) 154 Ind.App. 594, 290 N.E.2d 504 (weaknesses in identification testimony) we held the failure of witnesses to be specific goes to the weight of their testimony not its admissibility. Also, we have held the trial court is vested with broad discretion regarding the exclusion of evidence for remoteness. The fact that substantial time has passed goes to the weight of the evidence, not its admissibility. *Grey v. State,* (1980) Ind., 404 N.E.2d 1348; *Omans v. State,* (1980) Ind.App., 412 N.E.2d 305.

■ We now hold a witness's inability to testify as to the precise dates and times of prior sexual occurrences goes to the weight rather than the admissibility of such testimony in sex cases.

We find no error here.

## II.

Puckett next argues the trial court erred by failing to suppress a police officer's testimony concerning statements made to her by the victim's mother because the State violated a discovery order by not producing prior to trial (a) a written waiver of rights by the mother, and (b) the police officer's notes as to a conversation had with her.

The question of violation of the discovery order came to the attention of the trial court twice: once during the testimony of S.B., the victim's mother, and once during the rebuttal testimony of the police officer. At that time, the trial court took Puckett's motion to suppress under advisement and the trial proceeded. The trial court never ruled on Puckett's motion. Puckett does not argue here S.B.'s testimony should have been suppressed. He makes that argument only with reference to the police officer's testimony on rebuttal.

■ "No error can be claimed in the appellate court on the subject matter of a motion never ruled upon by the trial court." *Yager v. State,* (1982) Ind., 437 N.E.2d 454, 458. Because the trial court never ruled upon Puckett's motion to suppress the police officer's testimony, there is nothing before us to review.

## III.

■ Finally, Puckett argues the trial court abused its discretion by interrogating S.B. after both the State and Puckett's counsel had concluded their interrogations. However, Puckett never objected to the court's interrogation of S.B.

If a defendant is of the opinion the trial court is intervening improperly in the trial, he must make timely and proper objection. If not, the issue is waived. *Faught v. State,* (1979) Ind., 390 N.E.2d 1011; *Jones v. State,* (1982) Ind.App., 435 N.E.2d 616. Having failed to object to the trial court's interrogation, Puckett waived this issue.

Finding no error we affirm.

RATLIFF, P.J. (sitting by designation), and MILLER, J., concur.

---

1. We further do not find in the record any objection by Puckett that he was "denied a fair trial" on this score. Thus, he has waived the issue on appeal.