**William Alexander McEACHERN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–584A143.

Court of Appeals of Indiana, Fourth District.

Feb. 26, 1985.

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

William A. McEachern was convicted by the court of child molesting, a Class C felony under IND.CODE 35-42-4-3(b). On appeal, he raises two issues: (1) whether the court erred in admitting evidence of other acts of sexual misconduct, and (2) whether the evidence was sufficient to support the conviction.

We affirm.

In May of 1983, McEachern was preparing to leave his position as minister of the Oaklandon Universalist Church. One Saturday during that month, he asked several children from his congregation, including eight-year-old A.W., to help him pack up and move some books from the church.

During the course of the afternoon, the defendant followed A.W. when she went to get a drink of water from the kitchen in the basement of the church. He then pulled A.W. onto his lap and held her there while he rubbed her vagina through her clothes. McEachern repeated this act later the same afternoon when he found himself alone with the child in his office.

A.W. subsequently described this incident to her parents. At trial, she added to this account that the defendant had repeatedly touched her in this manner since she was approximately six years old. Her ten-year-old friend D.W., a former member of the same congregation, testified that she had seen McEachern touch A.W.'s breasts

and that he had attempted to touch her own breasts as well.

■ McEachern first contends that the trial court erred in admitting this testimony of the victim and D.W. regarding acts of sexual misconduct other than the particular incident charged in the information. Appellant correctly asserts that evidence of separate, independent, and distinct crimes is inadmissible to prove guilt, although it may be admissible if it tends to prove intent, motive, purpose, identification, or common scheme or plan. *Jackson v. State* (1983), Ind., 446 N.E.2d 344. As we conclude below in our discussion of the sufficiency of the evidence, the testimony of the two girls is probative of the defendant's intent and is therefore properly admissible.

■ In addition, such evidence may be introduced to establish that the accused has demonstrated a "depraved sexual instinct". *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348. This rule allows for the admission of evidence of prior sexual misconduct which evinces a depraved sexual inclination similar to the sexual instinct involved in the crime charged. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097. Contrary to appellant's assertion, our courts have recognized this exception in child molesting cases. *Puckett v. State* (1982), Ind. App., 443 N.E.2d 77. The incidents related by A.W. and D.W. manifest defendant's predilection to engage in sexual contact with children; this testimony is obviously relevant to the instant child molesting charges.

■ Appellant further objects to the admission of A.W.'s testimony on grounds that she could not recall the precise times and dates of the prior incidents. This contention is without merit as such imprecision clearly goes to the weight of the testimony and not its admissibility. *Puckett, supra.* We find no error in the admission of this evidence.

Appellant also challenges the sufficiency of the evidence to establish that he acted with the specific intent required for this crime by the terms of IC 35–42–4–3(b):

A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, *with intent to arouse or to satisfy the sexual desires of either the child or the older person*, commits child molesting, a Class C felony ... (emphasis added).

Our oft-stated standard of review for sufficiency of the evidence allows us to consider only the evidence favorable to the judgment, together with reasonable inferences which may be drawn therefrom. We may neither reweigh the evidence nor assess the credibility of witnesses. If substantial evidence of probative value establishes each element of the offense, we must affirm. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781.

■ In this case, appellant questions the sufficiency of the evidence to establish his specific intent to arouse or satisfy sexual desire. Because specific intent is a mental state not generally susceptible of direct proof, it may be inferred from all the surrounding circumstances. *Smith v. State* (1979), 270 Ind. 479, 386 N.E.2d 1193; *Shields v. State* (1983), Ind.App., 456 N.E.2d 1033. Our courts have held that evidence of intentional touching of the victim's genital area justifies an inference that the defendant acted with intent to arouse or gratify sexual desire. *Tapp v. State* (1971) 256 Ind. 422, 269 N.E.2d 367; *Best v. State* (1981), Ind.App., 418 N.E.2d 316.

■ The evidence in this case establishes an ongoing course of sexual misconduct on the part of defendant, who repeatedly fondled the victim and attempted sexual contact with another young girl in his congregation. As indicated in our foregoing discussion, A.W.'s and D.W.'s testimony to this effect is properly admissible as probative of defendant's mental state. This evidence of continuing sexual behavior toward young girls counters McEachern's testimony in his own behalf that he may have touched A.W. in the genital area, but did so inadvertently. As we may not on appeal

reweigh this testimony or evaluate its credibility, we conclude that ample evidence establishes each element of the offense of child molesting, including defendant's intent to arouse or satisfy sexual desire.

The trial court's judgment is affirmed.

MILLER, P.J., and CONOVER, J., concur.