Jack N. HAMMOND, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–684A157.

Court of Appeals of Indiana,
Second District.

June 27, 1985.

Lewis N. Mullin, Delphi, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

After a trial to the court Jack N. Hammond, Jr. was convicted of child molesting,

a class C felony.[1]   From this conviction Hammond appeals and presents the following two issues:

(1) Whether the trial court erred by admitting into evidence an incriminating statement Hammond made to police officers investigating the crime; and

(2) Whether the State's evidence was sufficient to support the conviction.

## I.

Hammond contends that the statement he gave to police was not preceded by an effective advisement of his rights against self-incrimination and right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution and as safeguarded by the United States Supreme Court's decision in *Miranda v. Arizona* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.   Specifically, he alleges that the interrogating officer who explained his right to counsel at public expense tied this right to an event happening in the future, i.e., "if and when he was charged with a crime." *Record* at 105. This faulty advisement, he argues, coupled with the fact that he is of subnormal intelligence [2] confused him concerning his right to counsel and therefore his waiver of that right was not made knowingly, intelligently and voluntarily.   Therefore, Hammond contends, the subsequent statement he gave to the police was inadmissible into evidence and necessitates the reversal of his conviction.

The State counters that no *Miranda* rights advisement was necessary as Hammond was not subjected to a custodial interrogation or deprived of his freedom in any significant way at the time of the giving of his statement.   Alternatively, the State contends that even if Hammond was subjected to a custodial interrogation, he was effectively advised of his *Miranda* rights and made a valid waiver of the same.

---

1.   I.C. 35–42–4–3(b) (Burns Code Ed.1985).

2.   Hammond, age 27, could neither read nor write, functioned at a second to third grade level, and was diagnosed as mildly to moderately mentally retarded with an IQ of 68 to 70.

We need not address the respective contentions of the parties concerning the admission of Hammond's inculpatory statement made to the investigating police officers, because we find the error, if any, was harmless beyond a reasonable doubt.

This was a trial to the court in which the trial judge acts as both the arbiter of the law and the finder of facts. During trial, the State attempted to introduce Hammond's statement and Hammond's counsel objected to the same. The court did not at that time rule on the admissibility of the statement but instead took the question under advisement. Following trial the court issued the following judgment:

"This court ... finds that on the 28th day of July, 1983, in Carroll County, Indiana, the defendant, Jack N. Hammond, Jr., did touch [victim's name], a child who was six years of age with the intent to satisfy the sexual desire of the defendant, Jack N. Hammond, Jr. The court finds from the credible and substantially uncontradicted evidence that while the six year old minor child, [victim's name], was staying with the defendant, Jack N. Hammond, Jr., at his residence, defendant asked the minor child to lie on the bed and, when she did so, he pulled down her pants and underpants and placed his fingers in the victims [sic] vulva causing a small laceration inside the labia minora and some edema just outside the hymen. The court finds that the victim's testimony is substantially corroborated by the testimony of Dr. Alvan Eller and *that the elements of the offense charged are proved beyond a reasonable doubt without the admission of State's Exhibit 2.* [the contested statement] However, the court finds that State's Exhibit 2 is admissible and defendant's objections to the same now are overruled and exhibit 2 is ordered admitted into evidence.

**3.** Absent a statement to the contrary, it is logical to assume that the trial court considered evidence which, over full and adequate objection, was specifically ruled to be admissible.

It is now ordered and adjudged that defendant, Jack N. Hammond, Jr., is guilty of the offense of child molesting, a class C felony, as charged." (Emphasis supplied) *Record* at 51.

Because this was a trial to the court we are not faced with the difficult problem of determining the means by which a jury reached a verdict and whether such a decision was "founded in whole or in part" upon the allegedly inadmissible statement. Compare *Yurina v. State* (1985) Ind., 474 N.E.2d 93 (harmless error beyond a reasonable doubt in a jury trial, in light of jury admonishment and other overwhelming evidence of guilt) with *Clark v. State* (1984) Ind., 465 N.E.2d 1090 (reversal in jury trial despite adequate independent evidence of guilt when inadmissible confession might have contributed to verdict). Here, the trial court specifically stated that although Hammond's statement was admissible, it did not enter into the determination of guilt. Accordingly, we need not consider the application, *vel non,* of the cases which hold that in a trial to the court it is presumed that the trial court has disregarded inadmissible testimony. *See Pinkston v. State* (1982) Ind., 436 N.E.2d 306; *King v. State* (1973) 2d Dist., 155 Ind.App. 361, 292 N.E.2d 843.[3]

Assuming *arguendo* that the *Miranda* warnings were both necessary and ineffectively given, thus rendering the statement inadmissible, it is clear from the record that no harm inured to Hammond. The trial court explicitly stated that the elements of the offense were proved beyond a reasonable doubt without regard to the contested exhibit. In essence, the judge treated the statement as inadmissible evidence to be disregarded in his decision-making process. In such an instance it is clear that the tainted statement did not contribute in whole or in part to the conviction and thus error, if any, in its admission is harmless beyond a reasonable doubt.[4]

**4.** Even were we unsure whether the statement may have been considered as a part of the guilt determination, reversal would not be compelled in light of the other overwhelming evidence of guilt. *Sewell v. State* (1983) 3d Dist., Ind.App., 452 N.E.2d 1018; *Mayfield v. State* (1980) 3d

## II.

Hammond challenges the sufficiency of the evidence only with respect to whether he acted with the specific intent required by our statute. Indiana Code 35–42–4–3 provides:

> "(b) A person who, with a child under twelve [12] years of age, performs or submits to any fondling or touching, of either the child or the older person, *with intent to arouse or to satisfy the sexual desires* of either the child or the older person, commits child molesting, a class C felony ...." (Emphasis supplied)

The information charged Hammond with fondling and touching the victim "with intent to arouse or satisfy the sexual desire of Jack N. Hammond, Jr." *Record* at 10.

■■■ Hammond claims there was no evidence to establish his specific intent to arouse or satisfy his sexual desires.[5] Because specific intent is a mental state not generally susceptible of direct proof, it may be inferred from all the surrounding circumstances. *McEachern v. State* (1985) 4th Dist., Ind.App., 474 N.E.2d 1034; *Shields v. State* (1983) 1st Dist., Ind.App., 456 N.E.2d 1033. Evidence of the intentional touching of the victim's genital area justifies an inference that the defendant acted with the intent to arouse or gratify sexual desires. *Tapp v. State* (1971) 256 Ind. 422, 269 N.E.2d 367; *McEachern v. State, supra; Best v. State* (1981) 1st Dist., Ind.App., 418 N.E.2d 316.

The trial court in explaining its judgment referred to the "credible and substantially uncontradicted" testimony of the victim which was corroborated by the testimony of the doctor who examined her on the same day of the incident. The mother of the victim also testified that her child complained of pain in her genital area on the day of the incident. Upon inquiry the victim told her mother the same version of the incident as related in her testimony at trial.

The testimony of these three witnesses and the reasonable inferences therefrom constitute substantial evidence of probative value on each element of the offense. Therefore, we conclude that the evidence was sufficient to sustain Hammond's conviction.

Judgment affirmed.

SHIELDS, J., concurs.

BUCHANAN, C.J., concurs in result.[6]

---

Dist., Ind.App., 402 N.E.2d 1301; *Mulry v. State* (1980) 2d Dist., Ind.App., 399 N.E.2d 413.

**5.** We note that in his statement to police Hammond specifically denied any sexual intent in his touching of the girl.

**6.** Chief Judge Buchanan does not assume, *arguendo* or otherwise, that the *Miranda* warnings were ineffective or inadequate.