**Joseph K. MAJKO, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 685S226.

Supreme Court of Indiana.

Feb. 19, 1987.

Steven C. Litz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from conviction of one count of possession of a narcotic drug, I.C. § 35-48-4-6, and one count of habitual offender, I.C. § 35-50-2-8, after a trial by jury. Appellant was sentenced to a term of 35 years.

There are three issues presented on appeal: (1) whether the trial court erred in not vacating appellant's conviction following allegations that there was a lack of probable cause for the issuance of the arrest warrant; (2) whether error occurred when a member of the court staff may have responded to a question by a juror during deliberations; and (3) whether the trial court erred in instructing the jury on the lesser included offense of possession of a narcotic drug.

These are the facts from the record which tend to support the determination of guilt: McKamey's Drug Store in Zionsville, Indiana (Boone Co.) was robbed January 16, 1984, and again February 11, 1984. Officer Phillip W. Parmelee of the Zionsville Police Department learned that one Travis Wade may have been involved in the crimes. Parmelee took a statement from Wade implicating appellant in those robberies. Based on Wade's statement, Judge Paul Johnson, Boone Superior Court, found probable cause to charge appellant with said crimes. An arrest warrant was issued and Officer Parmelee so advised the Marion County Sheriff's Department. Two Marion County Sheriff's deputies arrested appellant and searched him pursuant to the arrest. The search produced 35 pethidine capsules, a Schedule II controlled substance. Appellant was convicted of possession of the pethidine. Following appellant's conviction, Wade recanted his statement implicating appellant in the pharmacy robberies; and the charges, for which the original arrest warrant was issued, were dismissed.

I

Appellant contends the original arrest warrant was invalid due to an absence of probable cause, and therefore the controlled substance discovered incident to the arrest should have been suppressed, necessitating vacation of his conviction.

Appellant was sentenced for the possession offense on December 18, 1984. On February 14, 1985, Wade recanted his statement implicating appellant in the Zionsville drug store robberies. In his motion to correct error, filed February 22, 1985, with Wade's affidavit recanting his previous statement attached, appellant asserted the original arrest warrant was invalid.

Under Indiana T.R. 59 and Indiana R.C.P. 17, it is permissible to file affidavits with a motion to correct error whenever the alleged error is based on facts outside the record. *Harris v. State* (1981), Ind., 427 N.E.2d. 658; *Merry v. State* (1975), 166 Ind.App. 199, 335 N.E.2d. 249; *Stevenson v. State* (1975), 163 Ind.App. 399, 324 N.E.2d 509. Wade did not recant his statement until after appellant's sentencing, so

the issue of absence of probable cause for the arrest warrant was not raised at trial and it was proper to raise the issue through affidavit attached to the motion to correct error.

■ If the affidavit is uncontradicted, the reviewing court must accept its contents as true. *Jackson v. State* (1985), Ind., 483 N.E.2d. 1374; *Harris v. State* (1981), Ind., 427 N.E.2d. 658; *Scharbrough v. State* (1968), 249 Ind. 316, 232 N.E.2d. 592. As we stated in *Scharbrough, supra,* "This court is at a loss to understand why no counter-affidavit was filed as to what is set out in the supporting affidavit to the motion for a new trial, if it was not the truth. We are bound under our rules to accept the affidavit as the truth, since it is uncontradicted." *Id.* 232 N.E.2d at 596. There were no counter-affidavits filed disputing the contents of Wade's affidavit and therefore we must treat the allegations contained therein as true.

The affidavit sworn to by Wade states: "I, TRAVIS WADE, am giving this statement of my own free will. No promises have been made to me. I am going to refer to a statement that I made on April 19, 1984, to police officers Parmalee [*sic*] and Franklin, of the Zionsville Police Department. Before that statement was given, I was promised that they would help me get a good plea bargain on my case up north, and would take me out to a dinner. They also said there might be something on the floor of the back seat of the car for me, (referring to a shot of drugs as I had mentioned that I needed something), if I told them what they wanted to hear, (write down what they told me to). The statement that I gave at that time was totally false, and none of the things I wrote in that statement were true. Joe Majko wasn't involved in those crimes, nor was Deena Spencer. I just wrote what I was told to write. Officer Parmalee [*sic*] wanted to "put Joe away for a long time," because he doesn't like Joe, and he promised me all kinds of things."

Viewing this affidavit as the truth, it is necessary to examine the implications arising from the allegations. Wade's allegations go to the veracity of the warrant affidavit executed by Officer Parmelee. Appellant asserts that Parmelee deliberately submitted an affidavit which he knew to be based on false information. The United States Supreme Court, in *Franks v. Delaware* (1978), 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, detailed the process for determining the effect of a challenge to the veracity of the affidavit:

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at defendant's request. *Franks, supra,* at 2676.... There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by a offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to sup-

port a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue." *Franks, supra* 98 S.Ct. at 2684–85.

■ Using the guidelines laid out in *Franks,* and accepting the statements made in Wade's affidavit as true, we find that there are allegations of deliberate falsehood and of reckless disregard for the truth, in that the officers knowingly induced Wade to falsely incriminate appellant in the Zionsville robberies and then submitted their own affidavit along with Wade's in order to obtain an arrest warrant, while at all times aware of the false nature of both Wade's and their own affidavits. In this case, when the material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains insufficient information to support a finding of probable cause. If Wade's statements are removed from consideration, there is no support remaining for the issuance of the warrant and appellant is entitled to an evidentiary hearing on the issue of probable cause for the issuance of the arrest warrant.

Indiana cases which have dealt with this issue are distinguishable from the present case in that the issue of probable cause was litigated during the course of the trial, [*See, Snyder v. State* (1984), Ind.App., 460 N.E.2d. 522 (statements recanted at suppression hearing and the trial court was not bound to believe the recantation); *Bish v. State* (1981), Ind., 421 N.E.2d. 608 (affidavit contained no allegations or assertions which were not already before the trial court)] or the allegation in the affidavit concerned ineffective assistance of counsel. [*See, Jackson v. State* (1985), Ind., 483 N.E.2d 1374 (affidavit alleged only that if an evidentiary hearing was held, defendant would testify as to his allegations of incompetent counsel and the statements in the affidavit, when taken as true, still present nothing the trial court did not already hear); *Harris v. State* (1981), Ind., 427 N.E.2d.

658 (affidavit only alleges appellant would testify to ineffective assistance of counsel and the record of the proceedings is sufficient for that determination.) ]

■ Appellant is entitled to an evidentiary hearing on the question of probable cause for the original arrest warrant. At that hearing, if the appellant establishes by a preponderance of the evidence his allegations of perjury or reckless disregard, then the false material in the affidavit must be set to one side. If the remaining content is insufficient to establish probable cause, the warrant must be voided and the controlled substance excluded to the same extent as if probable cause was lacking on the face of the affidavit. *Franks v. Delaware, supra.* The good faith exception to the exclusionary rule would not be applicable in this instance. If a police officer were permitted to falsify the warrant affidavit and avoid the penalties for such falsification simply by having another officer serve the warrant, the mandates of the Fourth and Fourteenth Amendments would be meaningless.

## II

Appellant next contends that error occurred when a member of the court staff may have responded to a juror question during deliberations regarding the meaning of a word used in the instructions. The contention was raised in the motion to correct error and finds substantial support in the record. One juror responded to a written inquiry by defense counsel as follows:

"Within the first half hour I asked for a word definition. I forget now what it was. The bailiff read the short definition. It had no effect on the outcome."

The juror refused to execute a like affidavit then tendered to her. A piece of paper was preserved in the record of proceeding which appears to be an inquiry by a juror as to the definition of reasonable doubt. The trial court denied the motion to correct error without holding a requested hearing and without specifying grounds for doing so.

Events of this sort, if they occurred, and depending upon their exact character, taking place outside the presence of the defendant and without a waiver, are highly irregular and carry a distinct potential for prejudice. *Harris v. State* (1967), 249 Ind. 681, 231 N.E.2d. 800. A proper response to an inquiry regarding the meaning of instructions is to reread all instructions to the jury assembled, and in the presence of the accused, absent a waiver. Upon the showing made, the court had the duty of making a determination of whether a court official communicated with a member of the deliberating jury on the subject of the definition of a word in the court's written instructions, and if an official did so, the nature of that communication. The State should then be afforded the opportunity to rebut any presumption of prejudice thereupon arising. The court's terse ruling is not sufficient.

### III

Appellant was charged with dealing in a narcotic drug, and convicted of the lesser included offense of possession of that narcotic drug. The claim is now made that fundamental error occurred when the trial court instructed the juror on the lesser offense of possession. There was no objection to the instruction. Appellant contends, relying upon caselaw wherein the conclusion is expressed that informations and indictments may be so drafted by the State as to express an intent by the State to foreclose lesser and included offenses, that this dealing charge did not carry a possession charge with it as a lesser and included offense, because the language of the charge closely tracked the language of the dealing statute. *Compton v. State* (1984), Ind. 465 N.E.2d. 711. *O'Grady v. State* (1985), Ind.App., 481 N.E.2d. 115.

The purpose of this caselaw is to vindicate the "... absolute discretion ... in the state to determine the crime(s) with which a defendant will be charged." *Jones v. State* (1982), Ind., 438 N.E.2d 972. When, in contravention of this interest of the State, a court does instruct upon a lesser offense, included in the charged offense in the statutory and evidentiary senses, and the defendant does not object, but chooses instead to accept the trial on that basis, there has been no error which can be said to be blatant and carry with it the potential for harm which is substantial and which appears clearly and prospectively, i.e., fundamental error. *Lacy v. State* (1982), Ind., 438 N.E.2d. 968.

The errors identified in this opinion do not warrant reversal of the conviction, but do require that the ruling on the motion to correct error be set aside and that further proceedings consistent with this opinion be conducted and a new ruling made upon the motion. For these purposes, this cause is now remanded to the trial court, and this appeal is ordered terminated.

Oral Argument is denied.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.