**Tony Wayne HAWK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

No. 2–1185–A–365.

Court of Appeals of Indiana, Second District.

April 15, 1987.

Rehearing Denied May 13, 1987.

---

James R. Fleming, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Tony Hawk appeals his conviction by the court following a bench trial for touching or fondling a child less than twelve years of age with intent to arouse or satisfy sexual desires.[1] Hawk argues that touching or fondling with intent to arouse or satisfy is not a lesser included offense of sexual intercourse with a child less than twelve years of age, the crime with which he was charged.

The information read, in pertinent part: "[O]n or about 11/84 and March 20, 1985, exact time and date unknown, in the County of Tipton, in the State of Indiana, one Tony Wayne Hawk did then and there perform sexual intercourse with [N.W., victim] a child under the age of twelve (12) years of age contrary to the form of the statute in such case made and provided and against the peace and

---

1. I.C. 35–42–4–3(b) (Burns Code Ed.Repl.1985), a class C felony.

dignity of the State of Indiana...." Record at 15.[2]

In *Buck v. State* (1983) Ind., 453 N.E.2d 993, our Supreme Court determined that the offense of touching or fondling with intent to arouse or satisfy was not a lesser included offense of deviate sexual conduct. In holding that the trial court did not err by allowing charges of both to proceed to trial, the court stated:

> "It is evident the child molesting statute embraces three distinct types of child molesting by encompassing the acts of sexual intercourse, deviate sexual conduct, and fondling or touching with intent to arouse sexual desires. Clearly different acts and elements are required to be proven in *each* case and the defensive posture would not be the same since the prosecution would necessarily proceed under different theories and proof."
>
> *Id.* at 997 (emphasis supplied).

We are compelled by the *Buck* analysis to conclude that touching or fondling with intent to arouse or satisfy is not a lesser included offense of sexual intercourse under the statute.

■ The crime charged and the crime for which Hawk was convicted have different elements. "Sexual intercourse" is defined by statute as, "[A]n act that includes any penetration of the female sex organ by the male sex organ." I.C. 35-41-1-26 (Burns Code Ed.Repl.1985). Touching or fondling is not defined by statute, but the statutory provision for the crime of touching or fondling a child requires a showing that the touching or fondling was, "[w]ith intent to arouse or to satisfy the sexual desires...." I.C. 35-42-4-3(b). Thus, the crimes have different elements: one requires a showing of penetration, which the other does not, and one requires a showing of a specific intent contemporaneous with the conduct,

which the other does not. Neither crime is statutorily included in the other because neither is established by proof of the same material elements as the other. *See,* I.C. 35-41-1-16(1) (Burns Code Ed.Repl.1985).

Nor is touching or fondling a lesser included offense of sexual intercourse under this statute in the sense that proof of one requires proof of less than all the material elements of the other. *Id.*

Of course, a penetration is a touching. *Cf., Douglas v. State* (1985) 4th Dist. Ind. App., 484 N.E.2d 610, 613 (oral-genital contact under criminal deviate conduct charge is a touching). However, our analysis cannot end there. The crime of touching or fondling requires a showing that the touching or fondling was done with the specific intent to arouse or satisfy sexual desires. *Hopper v. State* (1986) 1st Dist. Ind.App., 489 N.E.2d 1209, 1216, *cert. denied* (1986) — U.S. —, 107 S.Ct. 592, 93 L.Ed.2d 593; *Hammond v. State* (1985) 2d Dist. Ind.App., 479 N.E.2d 629, 632; *McEachern v. State* (1985) 3d Dist. Ind.App., 474 N.E.2d 1034; *see generally, Mullins v. State* (1985) 3d Dist. Ind.App., 486 N.E.2d 623, 625; *Newton v. State* (1983) 2d Dist. Ind.App., 456 N.E.2d 736, 739 n. 1 (discussing intent element under I.C. 35-42-4-3 generally). By definition, sexual intercourse carries with it no such specific intent. I.C. 35-41-1-26, and *see,* I.C. 35-42-4-1 (Burns Code Ed.Repl.1985) (rape statute adds mental element of "knowingly" or "intentionally"); *Newton, supra,* at 739 n. 1.

■ Specific intent is rarely, if ever, susceptible to overt proof. It is a state of mind which is usually determined inferentially, by resort to the surrounding circumstances. *Hammond, supra,* 479 N.E.2d at 632; *McEachern, supra,* 474 N.E.2d at

---

**2.** I.C. 35-42-4-3(b). Hawk was acquitted on a separate count of touching or fondling. Though he has challenged the seeming inconsistency of the trial court's decision to acquit on one count and convict on a lesser included offense for the same crime for which he was acquitted, we do not address his concern because of our disposition of the other issue. We do note parenthetically that there was evidence which would support two separate charges but that no challenge

was made to the fact that the information charged two separate acts of intercourse occurring on two separate occasions. *Glaser v. State* (1932) 204 Ind. 59, 183 N.E. 33; 41 Am.Jur.2d., *Indictments and Information* § 213 (1968). The victim testified to two separate incidents. The trial court's decision is not necessarily contradictory and we will not attempt to reconcile a perceived inconsistency.

1036. A trier of fact having evidence of only a penetration would be justified in reaching a conclusion, via inference, that the intent to arouse or satisfy sexual desires was present. Nevertheless, the specific intent in that instance would be determined derivatively, or inferentially, and could possibly be disproved. *Cf. Buck, supra,* 453 N.E.2d at 997 (prosecution must proceed under different theories for different crimes); *Hammond, supra,* at 632 (defendant denied sexual intent while admitting touching). Thus it would be possible, although perhaps unusual, to engage in sexual intercourse without necessarily having the intent to arouse or satisfy.[3] We must therefore conclude that touching or fondling with the requisite intent is not statutorily or inherently included in the child molestation-sexual intercourse crime.

It may well be that our consideration of the issue should end with this determination. Our Supreme Court has recently and unanimously held that a defendant is not entitled to an instruction upon a lesser offense unless the language of the statute *and* the charging document necessarily include the lesser offense. *Roland v. State* (1986) Ind., 501 N.E.2d 1034, citing *Salhuddin v. State* (1986) Ind., 492 N.E.2d 292 (also unanimous). It would seem that the lesser included offense concepts embraced within the reported decisions constitute two edges to the same sword. One cannot plausibly contend that a defendant may not receive an instruction on a lesser offense yet contend that the State might convict him of that offense.

■ However, because most earlier cases hold that a lesser offense may be included in either one of two means, we shall turn to a discussion of whether the touching or fondling offense is included in the sexual intercourse offense as here charged. *See Lechner v. State* (1982) 2d Dist. Ind.App., 439 N.E.2d 1203, 1206; *and see State v. Mercer* (1986) 4th Dist. Ind. App., 500 N.E.2d 1278; *Sering v. State* (1986) 2d Dist. Ind.App., 488 N.E.2d 369, 375. Here, the information traced the language of the section dealing with child molestation by sexual intercourse. The information contained no additional factual allegations, nor did it make reference to the vital element of the touching or fondling crime, i.e., the specific intent to arouse or satisfy. These omissions undermine the contention that the crime for which Hawk was convicted was included factually, or, as charged. *Lechner, supra; Cf. Douglas v. State, supra,* 484 N.E.2d at 613 (fondling charge would have been included as charged had the State charged deviate sexual conduct under the molestation statute "with intent to arouse or to satisfy.")[4] The principle supporting this conclusion is that the prosecution has chosen to charge the offense carrying the greater penalty, sexual intercourse, and thereby foreclosed the possibility of the defendant tendering instructions as to a lesser crime. *Compton v. State* (1984) Ind., 465 N.E.2d 711; *and see Dorsey v. State* (1986) Ind., 490 N.E.2d 260. The principle would also seem to foreclose the giving of a lesser offense instruction tendered by the State if defendant objects. *Majko v. State* (1987) Ind., 503 N.E.2d 898. By the same token, a conviction for a lesser offense may not be sustained when the information has tracked the language of the greater offense. *Slayton v. State* (1984) 4th Dist. Ind.App., 471 N.E.2d 1154; *and see Crawford v. State* (1987) 4th Dist.

---

**3.** There is authoritative opinion that some persons such as prostitutes and the like may engage in sex acts without arousal or satisfaction or the intent to become aroused or satisfied. *See* George, *Legal, Medical and Psychiatric Considerations in the Control of Prostitution,* 60 Mich.L. Rev. 717 at 748–750.

**4.** Our opinion should not give rise to an implication that a charge pursuant to I.C. 35–42–4–3(b) is fatally defective if it fails to charge "with intent to arouse or to satisfy." To be sure, such a charge might be successfully attacked by mo-

tion of the defendant requiring the prosecution to provide the missing element or otherwise make the charge more specific.

I.C. 35–34–1–2 (Burns Code Ed.Repl.1985) requires the charge to cite the statutory provision alleged to have been violated. If that is done, it may be argued with merit perhaps that the element "with intent to arouse or to satisfy" is sufficiently incorporated so as to withstand an assertion of fundamental error after the conviction.

Ind.App., 502 N.E.2d 1361, *reh. pending;* O'Grady v. State (1985) 4th Dist. Ind.App., 481 N.E.2d 115; *Snell v. State* (1984) 4th Dist. Ind.App., 472 N.E.2d 215, 217 n. 1.

Somewhat parenthetically, the author of this opinion might question whether absent the holding of *Buck v. State, supra,* 453 N.E.2d 993, the offense would be a lesser offense under I.C. 35–41–1–16(3) as suggested by Judge Shields. It may be noted that in order for the touching or fondling to be an included offense under this provision, the lesser harm or risk of harm must be the *only* difference between the two offenses. As earlier stated, the two offenses are different in other respects.

We are cognizant that citizens of Indiana might well seek a distinction so as to incarcerate perpetrators of particularly unsavory offenses, as opposed to other crimes which generate less emotion or public outrage. Our oath to apply the law as it exists, however, may not be influenced by such considerations. The sufficiency or insufficiency of the charge here may not be determined by the fact that it involves child molestation as opposed to an arguably less distasteful class C felony such as causing $2500 damage to the grounds adjacent to a community center. I.C. 35–43–1–2(b)(4) (Burns Code Ed.Supp.1986).[5]

For the foregoing reasons the judgment must be and is reversed.[6]

SHIELDS, P.J., concurs and files separate opinion.

BUCHANAN, J., dissents and files opinion.

5. Neither may we properly affirm the conviction upon the supposition that the trial court merely confused the two counts of the information. The court was very specific in finding guilt as a lesser offense. This could only occur under the count charging sexual intercourse.

6. Our decision today specifically refrains from addressing the double jeopardy and statutory difficulties should a conviction for both sexual intercourse and touching or fondling result, *see, Sering, supra;* I.C. 35–38–1–6 (Burns Code Ed. Repl.1985), particularly when the evidence shows that only one touching occurred. Similarly, we do not address the question to what

SHIELDS, Presiding Judge, concurring.

SEPARATE CONCURRING OPINION

I concur in Judge Sullivan's opinion but nevertheless feel compelled to write a separate opinion for emphasis. Were it not for *Buck,* I would conclude the offense of child molesting as a touching with intent to arouse or satisfy sexual desires is an included offense of the child molesting as intercourse charge. I would so conclude because the offense fits within the definition of included offense contained in Ind. Code Ann. § 35–41–1–16(3) (Burns Repl. 1985).

In codifying the concept of included offense, the legislature went beyond the traditional definition of the term, i.e., an offense established by proof of the same material elements or less than all the material elements required to establish the charged offense. *See* Ind.Code Ann. § 35–41–1–16(1). The legislature added subsection (3), which defines as an included offense an offense which "differs from the offense charged only in the respect that a less serious harm or risk of harm to the person ... is required to establish its commission."

In my opinion, a credible argument could be made a fondling or touching with intent to arouse or satisfy, as child molesting under IC § 35–42–4–3(b), is an included offense of the child molesting as intercourse charge under subsection (3) of the statutory definition of included offense. The harm is the same: the violation of the sexual integrity of one's person. Although unquestionably a serious harm, the harm in a fondling or touching situation is never-

degree the acts must be temporally separated for convictions for both to be sustainable. *See, Hall v. State* (1986) Ind., 493 N.E.2d 433, 436. Finally, we reserve the question whether sexual intercourse could be a lesser offense to a charge of touching or fondling under I.C. 35–42–4–3. (Notwithstanding that intercourse is a class B felony and touching or fondling a class C felony, one might argue that the latter is the greater crime because it requires an additional element, i.e., intent to arouse or satisfy. This view would be applicable, if at all, only if the act of penetration were the sole act of touching.)

theless less serious than the harm in the penetration required for sexual intercourse or the harm involved in deviate sexual conduct.

However, *Buck* does exist and an intermediate court of appeals is bound by the decision of the State's highest court. Therefore, I must conclude *Buck* is controlling, especially in view of its facts.

The record reveals Buck was charged in Count I with child molesting as a class B felony based upon a claim of deviate sexual conduct. Count II charged Buck with child molesting as a class C felony based upon a fondling or touching with intent to arouse or to satisfy. The evidence offered by the State to meet its burden of proof consisted of four photographs. One exhibit is a photograph of Buck performing an act of cunnilingus upon the victim; a second photograph shows Buck fondling the victim's genital area; the third photograph shows Buck leaning over the victim's genital area; and the fourth photograph shows Buck performing an act of cunnilingus upon the victim.

In light of these facts, which would have sustained the State's charges and the jury's verdicts on the ground two separate, distinct criminal acts occurred, an act which constituted child molesting as a class B felony and an act which constituted child molesting as a class C felony, the supreme court's decision the class C felony charge is not an included offense of the class B felony is indeed compelling. Therefore, I concur.

BUCHANAN, Judge, dissenting.

## DISSENTING OPINION

I respectfully dissent. Following Hawk's trial, the trial court stated:

"I salute your efforts on behalf of your client. I listened closely to a most persuasive closing argument and have, in fact, read *Easterday v. State* [, 254 Ind. 13, 256 N.E.2d 901,] most closely, and as to count II in this cause, Child Molesting, a class C felony, the court finds your client ... not guilty.... As to count I, after careful deliberation, the court finds

the Defendant guilty of the lesser included offense of Child Molesting, a Class C felony, in that he performed fondling and touching with [the victim] a child under the age of twelve years, with the intent to arouse or satisfy sexual desires of Tony Wayne Hawk.... [The court adjudges the defendant] guilty of the crime of Child Molesting, a Class C felony, a lesser included offense to Count I, as charged in the information...."

*Record* at 592–94. *Count I* of the information charged Hawk with child molesting, a Class B felony, under IC 35–42–4–3(a), for having sexual intercourse with the victim. *Count II* charged Hawk with child molesting, a Class C felony, for fondling or touching the victim as provided in subsection (b) of IC 35–42–4–3. The trial court clearly found Hawk guilty of the lesser child molesting offense of fondling and touching the victim. It appears to me from the record that the trial court simply confused the number of the two counts when announcing the verdict, thereby appearing to create a hybrid count of touching and fondling as a lesser included offense of sexual intercourse. The trial court's statement is that Hawk was guilty of touching and fondling *"as charged in the information."* The trial court was not intending to fashion a novel crime under the child molesting statute.

Although portions of the verdict may have been confusingly stated on record, this was a minor imperfection which should not affect the validity of Hawk's sentence. Therefore, I would invoke Rule 15(E) of the Indiana Rules of Appellate Procedure, "deem" the imperfection "amended," and affirm the conviction. *See Coppock v. State* (1985), Ind., 480 N.E.2d 941.