*547 MILLER, Presiding Judge,
dissenting.
I respectfully dissent on Issue II. The majority concludes that it was proper to sentence Scrougham for three crimes-confinement, sexual battery, and rape-arising out of the same sexual assault. The issue here-raised by the State-is whether sexual battery, Ind.Code 35-42-4-8, enacted by P.L. 322-1987, is a lesser included offense of the crime of rape and, therefore, precludes a court from convicting and sentencing for both offenses. However, although neither the State nor defendant raised the issue, it is apparent on the face of the record that the sentence for confinement was also improper. In this case, there was one act of rape. The confinement of the victim was no longer than that necessary to commit the rape and the sexual battery consisted of fondling of the victim as a part of the force used in the rape. Under these circumstances, it was improper to sentence Scerougham for three separate crimes-two of which were necessarily included in the same act of rape. I would remand to the trial court for resentencing and order the court to vacate the convictions for confinement and sexual battery.
As the majority points out, it is apparent that the statutory definitions of the crime of rape and the crime of sexual battery each contain an element which the other crime does not. The rape statute contains the element of nonconsensual sexual intercourse and sexual battery does not; the sexual battery charge contains by definition an element not found in rape-a touching with intent to arouse or gratify. However, while the crime of rape is an act of violence, at its most basic level the act inherently involves a touching with an intent to arouse or obtain sexual gratification. Penetration is, of course, a touching. Hawk v. State (1987), Ind.App., 506 N.E.2d 71.[1] Evidence of the intentional touching of a victim's genital area justifies an inference that the perpetrator acted with an intent to arouse or gratify sexual desires. Hammond v. State (1985), Ind.App., 479 N.E.2d 629. The very nature of the act of rape involves arousal, sexual excitement, or gratification.[2] During a rape, the perpetra *548 tor necessarily interferes with his victim's liberty (confinement) and engages in fondling or touching of the victim during the act (sexual battery). The inclusion of language requiring an intent to arouse or gratify sexual desires is necessary in the fondling charge under the child molest statute and in the sexual battery statute to prevent the criminalization of accidental touchings. However, in rape (or sexual intercourse under the child molest statute), it is not necessary to require that the conduct must be committed with an intent to gratify because the intent is necessarily inferred from the act. Thus, confinement and sexual battery, while by the statutory definition are not included offenses, may be factually included in the greater offense of rape [3] because it is physically impossible to commit forcible rape without also first confining the victim and at some point touching the victim with an intent to obtain sexual gratification.
Our Penal Code is founded on the principles of reformation, and not vindictive justice. LLE. Criminal Law 5; Const. Art. 1, § 18. Only the legislature has the power to pass statutes defining and fixing the penalties for crimes. Durrett v. State (1966), 247 Ind. 692, 219 N.E.2d 814. In determining a punishment for the crime of rape, the legislature considered the nature of the act and set the punishment accordingly. By concluding, as the majority does under the facts of this case, that sexual battery and confinement are not lesser included offenses in the crime of rape, a defendant in every rape case may be convicted and sentenced separately for the offenses of confinement, sexual battery and rape. By construing our statutes so that the crime of rape may support three separate convictions, this court is invading the province of the legislature by setting additional penalties for rape. In other words, the majority here is "legislating" under the guise of "statutory construction."
The double jeopardy clause of the Fifth Amendment protects against multiple punishment for the same offense. North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, Wethington v. State (1990), Ind., 560 N.E.2d 496; Sering v. State (1986), Ind.App., 488 N.E.2d 369. As Judge Shields observed in writing for the majority in Sering, absent clearly expressed legislative intent to punish the same offense under two different statutes, the court may not substitute a greater punishment than the legislature mandated. "'Two offenses are the same for the purpose of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact." Wethington, supra, at 506. However, double jeopardy analysis does not end with an evaluation and comparison of the statutes, but requires a further examination of the factual bases alleged by the State in the information or indictment. Id.
Cumulative convictions and punishments are also prohibited where defendants are convicted of both greater and lesser included offenses by- IC 85-41-1-16. An "included offense" is defined by the statute as an offense that:
"1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;
2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or
*549 3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability is required to establish its commission."
A credible argument could be made that sexual battery is an included offense of rape under clause three of the above statute. The harm in both rape and sexual battery is the same in one respect: the violation of the sexual integrity of the person. Although sexual battery is a serious harm, it is a lesser harm to the sexual integrity of the person than the harm accomplished by forcible rape. See, Hawk, supra at 75-76, Shields, J., concurring, in regard to intercourse and fondling under the child molest statute. Moreover, necessarily or inherently included offenses are those which must first be committed in order to commit the greater offense. Ryle v. State (1990), Ind.App., 549 N.E.2d 81, citing West v. State (1950), 228 Ind. 431, 92 N.E.2d 852 (rape requires the commission of battery) and Hitch v. State (1972), 259 Ind. 1, 284 N.E.2d 788 (robbery includes theft). Here, although it is possible to commit sexual battery and confinement without committing or attempting to commit rape, it is impossible to commit rape without first committing the two other crimes.
In Wethington, supra, the defendant was convicted and sentenced for confinement and robbery when he took $120.00 in cash and a small quantity of marijuana from his victims. The charging information for the robbery count contained a particularized description of the force used on the victims to commit the robbery, ie., he bound the victims, forced them to lie on the floor, covered them with a blanket and poured gasoline around the area where the victims lay. The confinement count contained the identical description for the means of confinement. The court found that the language of the charging instruments made it evident that "the factual basis underlying the criminal confinement charge was the same conduct alleged by the State to establish the 'by force' element necessary to support its charge of robbery, in other words, that the confinement was the force by which appellant effectuated the robbery." Id. at 507. The court cited with approval Ryle, supra, in which the Ryle court reversed one of the Ryle's convictions for criminal confinement where the confinement was the force used to commit a robbery. The Wethington court held that, as in Ryle, since "the acts alleged by the State to substantiate a necessary element of the robbery charge, i.e., the force that was used to effectuate the taking, are precisely coextensive with the acts alleged as constituting a violation of the criminal confinement statute, the convictions on both counts cannot stand." 560 N.E.2d at 508.
In the present case, the pertinent part of the information for the three counts reads as as follows:
Count I-did knowingly or intentionally have sexual intercourse with D.T., a member of the opposite sex, when D.T. was compelled by force or imminent threat of force ...
Count II-did, with intent to arouse or satisfy his own sexual desires, touch D.T. when D.T. was compelled by force or the imminent threat of force to submit to touching ...
Count III-did knowingly and intentionally confine D.T. without her consent by forcing her to remain inside a residence located at 2912 South Beech Street. (R. 2)
The Wethington information contained a particularized description which was identical in both the confinement count and the robbery count. Although the charging information in the present case does not contain the same particularized facts in each count, this is a distinction without a difference. Here, there was one act of rape during a short span of time. As, in Ryle and Wethington, Scrougham confined the victim at the residence only for the period of time necessary to commit the act of rape and the fondling of the victim was incidental to and a part of the act of rape. In other words, the force that was used to commit the rape in count I is coextensive with the act of confinement in count III *550 and the sexual battery in count II. See, Owens v. State (1989), Ind.App., 543 N.E.2d 673 (where charges are based on the same conduct, same harm to victim, over same short span of time, one conviction must fall). While there may be instances in which convictions for confinement, sexual battery and rape may be proper, under the facts of this case it is not.
I would reverse and vacate the sentences for sexual battery and confinement.

. In Hawk, supra, this court held that under the child molestation statute, fondling or touching a child with intent to arouse or to satisfy sexual desires of either the party or the child (IC 35-42-4-3(b)) is not a lesser included offense in sexual intercourse with a child (IC 35-42-4-3(a), under 12, and IC 35-42-4-3(c), over 12, but under the age of 16). However, the Hawk court specifically refrained from addressing the double jeopardy and statutory problems that would arise if a conviction for both sexual intercourse and a touching or fondling occurred, particularly where evidence reveals only one touching occurred. The court also did not address to what degree the acts must be temporally separated for convictions for both to be sustainable. 506 N.E.2d at 75, n. 6.

. "Sexual intercourse" is defined by statute as "[Aln act that includes any penetration of the female sex organ by the male sex organ." IC 35-41-1-26. Although the statutory definition does not include an intent to gratify, WEB: STER'S THIRD NEW INTERNATIONAL DICTIONARY 2082 (Rev.1976) defines "sexual" as "relating to the sphere of behavior associated with libidinal gratification"-in other words, sexual gratification.
I also point out that in Canaan v. State {1989}, Ind., 541 N.E.2d 894, our supreme court opined that the legislature had reacted to a current theory that rape and other types of sexual attacks are not crimes of passion or sexual gratification, but rather, crimes of violence. The court was specifically addressing the fact that the definition of deviate sexual conduct (formerly IC 35-41-1-2) which required "an act of sexual gratification involving the sex organ of one person and the mouth or anus of another person" was subsequently revised (now IC 35-41-1-9) and no longer requires proof of sexual gratification. I agree that the acts of forcible rape and forcible deviate sexual conduct are acts of violence. However, I also observe that when the statute was changed by P.L. 183-1984, "sexual gratification" was eliminated from the definition, but subdivision 2 was added, including in the definition of deviate sexual conduct "the penetration of the sex organ or anus of a person by an object." West's AIC 35-41-1-9 (1986). The legislature may have added this subdivision to include as deviate sexual conduct acts of abuse which do not necessarily stem from an intent to arouse or gratify. Thus, the elimination of the words "sexual gratification" from the statute is not necessarily indicative of the legislature's intent with respect to all crimes of a sexual nature.
Furthermore, all crimes involving force against the person are acts of violence. For example, robbery is theft from the person or presence of another person by the use of force or threats of force. IC 35-42-5-1. In robbery, although the statute only requires that the robber knowingly take property from the victim, it is necessarily implied that the robber's intent is *548 to steal. Similarly, while rape is a crime of violence, it is also a crime involving sexual gratification.

. For example, Indiana courts have repeatedly held that confinement is not an inherently included offense in rape. (See e.g., Purter v. State (1987), Ind., 515 N.E.2d 858; Edwards v. State (1985), Ind., 479 N.E.2d 541. In both Edwards and Purter, the victims were confined prior to or after the rape and the confinement was not merely incidental to the rape.) I agree with Judge Shields' well-reasoned analysis in Ryle v. State (1990), Ind.App., 549 N.E.2d 81, 85 n. 7: "[FJorcible rape necessarily includes an interference with the victim's liberty in order to achieve non-consensual penetration. That interference, like the interference in the robbery, is inherently included in forcible rape and cannot support a conviction. However, any confinement of the victim other than that necessary to effectuate the rape constitutes a separate violation of IC 35-42-3-3(a)(1) and a distinct, punishable offense."