Clovis HALL, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 15A01–9212–CR–429.

Court of Appeals of Indiana,
First District.

May 31, 1994.

John J. Dornette, Lawrenceburg, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Appellant-defendant Clovis Hall Jr. challenges his conviction for child molesting,[1] a Class B felony. Hall contends that there was insufficient evidence and that the trial court erred by (1) refusing to give two tendered instructions, (2) allowing the jury to separate, (3) allowing a guardian to sit with A.G. during her testimony, (4) finding A.G. competent, and (5) admitting hearsay testimony.

## FACTS

The facts most favorable to the verdict are that on at least four different occasions between January 1991 and July 1991, Hall forced his mentally handicapped eight-year-old stepdaughter A.G. to engage in oral, anal, and vaginal sexual intercourse. In May 1991, A.G. informed her mother, Georgia Hall, that Hall "had stuck her in her butt and made her suck him," but Georgia did nothing.

On July 8, 1991, Christi Mohr, a child welfare caseworker with the Dearborn County Department of Public Welfare, received an anonymous report that Hall was forcing A.G. to have sex with him. Mohr informed the Indiana State Police of the report and Detective Ed Hunter was assigned to the case.

On July 12, 1991, Mohr and Detective Hunter went to the Hall residence to investigate. Hall admitted to Detective Hunter that on several occasions he had pulled A.G.'s pants down, pinched her on the butt, accidentally brushed her genitals, and had ordered her to suck him. Georgia told Mohr that A.G. had never told her that Hall had molested her.

In July 1991, A.G. went to live in Kentucky with Freida and Wayne Stephenson, Georgia's step-brother and his wife. Mohr and Detective Hunter questioned A.G. at the Stephenson home on July 16, 1991. A.G. told Mohr that Hall messed with her and made her suck him. Thereafter, A.G. used anatomically correct dolls to indicate that Hall had committed vaginal and anal intercourse on her. Subsequently, a physician examined

A.G. and found injuries consistent with molestation.

On September 30, 1991, the State charged Hall with child molesting by engaging in sexual intercourse and deviate sexual conduct with A.G. At Hall's trial, A.G. testified that Hall forced his "peepee" in her anus and in her own "peepee," and that he forced her to suck and play with his "peepee." Georgia testified that she did not believe A.G. because A.G. did not indicate that Hall had ejaculated and that no one would get someone to do the things A.G. claimed Hall forced her to do "unless they were going to get enjoyment off of it." Record at 258–59. After three days of testimony, the jury began deliberations. When the jury had not reached a verdict by the first evening, the trial court admonished the jurors and then allowed them to go home for the night and return the next day. The jury eventually found Hall guilty of child molesting, and the court sentenced him to ten years.

## DISCUSSION AND DECISION

### I. Jury Instructions

■ Hall contends that the trial court erred by refusing to give his tendered instructions on two lesser included offenses. To determine whether the court erred by refusing to give an instruction on a lesser included offense, we consider (1) whether the language of the statute and the information necessarily included the lesser offense in the greater, and (2) whether there was evidence introduced at trial to which the included offense was applicable. *Altmeyer v. State* (1988), Ind., 519 N.E.2d 138, 141. The evidence must establish not only that the lesser offense was committed, but also that the greater offense was not. *Id.*

■ First, Hall claims that the trial court erred in refusing his tendered instruction on touching and fondling because it is a lesser included offense of child molesting by sexual intercourse. Contrary to Hall's assertion, child molesting by touching and fondling with the intent to arouse or satisfy sexual desires, a Class C felony under I.C. 35–42–4–3(b), is

1. IND.CODE 35–42–4–3(a).

not inherently or statutorily a lesser included offense of child molesting by sexual intercourse, a Class B felony under I.C. 35–42–4–3. *Hawk v. State* (1987), Ind.App., 506 N.E.2d 71, 73, *trans. denied.* The two crimes have different elements and neither is established by proof of the same or less than all of the material elements of the other. *Id.* at 73–74.

■ Moreover, the State charged Hall with child molesting by sexual intercourse and presented evidence at trial to prove this. The State did not present evidence that Hall touched or fondled A.G. with the specific intent to arouse or satisfy sexual desire. When the State chooses to charge the defendant with the offense carrying the greater penalty, sexual intercourse, the defendant is foreclosed from tendering instructions as to a lesser crime, such as the touching and fondling crime. *Id.* at 74. The trial court did not err in refusing to give Hall's tendered instruction on child molesting by touching and fondling.

■ Second, Hall claims that child molesting by touching and fondling is a lesser included offense of child molesting by deviate sexual conduct; and therefore, the trial court erred in refusing his tendered instruction. Hall is mistaken. Child molesting by touching and fondling is not a lesser included offense of child molesting by deviate sexual conduct. *Buck v. State* (1983), Ind., 453 N.E.2d 993, 997. The two are separate and distinct crimes, neither of which would be a lesser included offense of the other. *Id.* The trial court did not err by refusing to give Hall's tendered instructions.

■ Third, Hall contends that because he admitted pulling A.G.'s pants down, pinching her bottom, lying in bed with her, and accidentally touching her private area that the trial court erred in refusing his tendered battery instruction as a lesser included offense. Hall claimed that these touchings occurred while he was playing with A.G. Thus, he denies that he touched her in a rude, angry, and insolent manner as required for battery under IND.CODE 35–42–2–1. A.G. testified that Hall inserted his penis into her mouth, anus, and vagina. Such evidence sup-ports a conviction for child molesting or no conviction at all. *See Patterson v. State* (1990), Ind., 563 N.E.2d 653, 657 (trial court properly denied defendant's tendered battery instruction where defendant claimed touchings occurred while wrestling or performing karate with the victim; evidence supported child molesting conviction or no conviction at all). Because the evidence presented did not support an interpretation that Hall committed the lesser offense of battery, but did support the greater offense of child molesting, we find no error in the trial court's refusal of Hall's tendered battery instruction. *See id.* at 657; *Vail v. State* (1989), Ind.App., 536 N.E.2d 302 (no error in refusal of battery instruction where defendant got victim in bed, took off her panties, and ejaculated between her legs).

## II. Jury Separation

■ Hall contends that trial court committed reversible error in permitting the jury to separate for 15 hours after deliberations had begun so that the jurors could go to their respective homes for the evening. We disagree.

It is reversible error for the trial court to permit the jury to interrupt their deliberations for ten and one-half hours in the absence of proof beyond a reasonable doubt that the separation did not influence the jury adversely. *Pruitt v. State* (1993), Ind., 622 N.E.2d 469, 471–72. However, where the defendant fails to object to the proposed separation when announced, he may not raise the issue for the first time on appeal. *Id.* at 472.

In the present case, when the trial court announced its intention to permit the jury to go home for the evening, Hall not only failed to object, but he approved or acquiesced in the separation when he assured the court that he was satisfied with the court's admonishment. Hall may not now claim error.

## III. Surrogate Guardian

■ Hall contends that the trial court denied him the right to effectively cross-examine A.G. by allowing, over his objection, Freida Stephenson to sit with A.G. as a surrogate guardian while she testified. Specifically, he

claims that because Stephenson believed A.G.'s allegations, her mere presence in the witness stand continuously exerted influence over A.G.

Whenever a courtroom arrangement is challenged as inherently prejudicial, we must consider whether the practice presents an unacceptable risk that impermissible factors will come into play which might erode the presumption of innocence. *Stanger v. State* (1989), Ind.App., 545 N.E.2d 1105, 1114. If the challenged practice is not found inherently prejudicial and the defendant fails to show actual prejudice, our inquiry is over. *Id.*

Our legislature has enacted provisions authorizing trial courts to take steps to alleviate a child's fears while testifying. *See* IND. CODE 35–37–4–6 (authorizing courts to permit a child to testify by videotape); I.C. 35–37–4–8 (authorizing courts to permit a child to testify in a separate room by videotape). Although the legislature has not specifically provided that a comforting adult may sit with a child in the witness stand during her testimony, they do not prohibit it. Moreover, our decisions tend to support such an arrangement. In *Stanger,* we approved of a person sitting quietly to the side of the witness noting that there was nothing about the arrangement which was particularly distracting or likely to arouse intense feeling among jurors for a witness or against a defendant. *Stanger,* at 1114.

In the present case, Stephenson was allowed to sit quietly near A.G., a mildly retarded nine-year-old, in the witness stand as she testified against her step-father. As instructed, Stephenson did not communicate with A.G. verbally, by facial gestures, or by eye contact. There is nothing in the record which indicates that Stephenson influenced A.G. in any way or that the seating arrangement was particularly distracting or likely to arouse intense feelings. We see no significant distinction as to constitute reversible error between this seating arrangement and the seating arrangement approved in *Stanger*. It was within the trial court's discretion to allow Stephenson to sit near A.G. Furthermore, Hall failed to make any effort to show actual prejudice resulting from Stephenson's silent presence; accordingly, we find no due process violation.

## IV. *A.G.'s Competency*

Hall contends that the trial court erred in finding A.G. competent to testify. Whether a child is competent to testify is a question of law which lies solely within the discretion of the trial court based upon the judge's observation of the child's demeanor and responses to questions posed to her by counsel and the court. *Casselman v. State* (1991), Ind.App., 582 N.E.2d 432, 435. We will not reverse the trial court's determination that a child is competent to testify except for an abuse of discretion. *Id.* If the record contains evidence from which the trial court could have reasonably inferred the child (1) understood the difference between telling the truth and telling a lie, (2) knew she was under compulsion to tell the truth, and (3) knew what a true statement actually was, the trial court's ruling must be affirmed. *Id.*

Here, A.G. demonstrated that she was under compulsion to tell the truth by assuring the trial court she knew she had to tell the truth and that if she did not she would get into big trouble and go to hell. She demonstrated that she understood the difference between telling the truth and telling a lie by indicating that it would be a lie to say that the prosecutor was wearing a purple suit when he was not. The trial court did not abuse its discretion by finding A.G. competent to testify.

## V. *Sufficient Evidence*

Hall contends that because Georgia did not believe A.G.'s claims and because A.G. was not credible, there was insufficient evidence to convict him of child molesting. Hall essentially invites us to reweigh the evidence and judge the credibility of witnesses, which we cannot do.

In reviewing sufficiency claims, we will not reweigh the evidence or judge witness credibility and consider only the evidence most favorable to the verdict. *Green v. State* (1992), Ind., 587 N.E.2d 1314, 1315. It is the trier of fact's function to resolve

conflicts and determine the weight of the evidence and the credibility of witnesses. *Tiller v. State* (1989), Ind., 541 N.E.2d 885, 893. The trier of fact is free to believe whomever it chooses. *Maynard v. State* (1987), Ind., 513 N.E.2d 641, 644. We will not disturb the jury's judgment unless the evidence clearly shows the verdict was so incredible as to be beyond belief, or that there was no probative evidence from which the jury could have found the defendant guilty. *Id.* at 644–45.

Here, A.G. was competent and testified in plain words how Hall inserted his penis in her vagina, anus, and mouth. Georgia testified that she did not believe her daughter's claims because A.G. did not indicate that Hall ejaculated and that she did not believe Hall would do such things unless he would ejaculate. The jury chose to believe A.G.'s testimony, which alone was sufficient evidence to convict Hall. *See id.* at 645 (victim's uncorroborated testimony is sufficient to sustain a criminal conviction for child molesting even though the victim is a minor).

### VI. Hearsay

Hall contends that the trial court erred by allowing Georgia, Mohr, and Detective Hunter to testify to hearsay statements made by A.G. in order to bolster A.G.'s credibility.

Hearsay is evidence of a statement made out of court that is offered in a judicial proceeding to prove the truth of a matter asserted therein. Ind.Evidence Rule 801(c); *Craig v. State,* 630 N.E.2d 207 (Ind.1994); *Timmons v. State* (1992), Ind., 584 N.E.2d 1108, 1111. Hearsay is inadmissible in court unless it fits within some exception to the hearsay rule. Ind.Evidence Rule 802. An error in the admission of hearsay warrants remedial action on appeal only if such error caused prejudice to the defendant's substantial rights. *Craig,* 630 N.E.2d at 209–10.

In resolving hearsay issues, courts should use the following approach. *Id.* at 211. If the testimony or written evidence describes an out-of-court statement which asserts a fact susceptible of being true or false, and the evidentiary purpose of the proffered statement is to prove a fact asserted therein,

then the evidence is hearsay and may not be admitted unless the statement is an exception to the hearsay rule. *Id.* If the statement is offered for a purpose other than to prove a fact asserted therein (a non-hearsay purpose), it is admissible if it is relevant and if the danger of unfair prejudice does not substantially outweigh its probative value. *Id.* at 211.

At Hall's trial, Georgia admitted that in her deposition she indicated that she told the police that A.G. informed her that Hall had stuck her in the butt and made her suck him. This testimony was offered by the State to prove the inconsistency between Georgia's earlier testimony that A.G. never reported the molestations to her and that she never relayed them to the police. It was not offered to prove that Hall molested A.G., and thus, was not hearsay. *See* Evid.R. 801(d)(1). Moreover, this testimony was relevant to Georgia's credibility as a witness and did not create a danger of unfair prejudice to Hall.

Welfare caseworker Mohr testified that A.G. told her that Hall bothered her and made her suck him. Hall did not object to this testimony. Hall only objected to Mohr's later attempts to explain how A.G. used anatomically correct dolls to show her what she meant by having to suck Hall and how Hall bothered her. The State offered the contested portion of Mohr's testimony not to prove Hall molested A.G., but to rebut the inference suggested by Hall that Mohr used suggestive interview techniques. Therefore, this evidence was not hearsay, was relevant, and did not create a danger of unfair prejudice.

Detective Hunter testified that Georgia told him that A.G. reported Hall's molestations to her. Hall did not object to this testimony. Hall only objected later when Detective Hunter testified that Georgia's testimony was inconsistent with her earlier statements to him that Hall made A.G. play with him and suck him. The State offered the contested portion of Detective Hunter's testimony not to prove that Hall molested A.G., but to reveal the inconsistencies in Georgia's testimony. As such, this was not hearsay, was relevant, and did not

create a danger of unfair prejudice. *See* Evid.R. 801(d)(1).

Judgment affirmed.

ROBERTSON and HOFFMAN, JJ., concur.