Robert H. LESLIE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–9508–CR–511.

Court of Appeals of Indiana.

Sept. 4, 1996.

James A. McKown, Jr., Jerry T. Drook, Marion, for Appellant–Defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Robert H. Leslie appeals his conviction of Conspiracy to Deal Cocaine in an Amount Over Three Grams,[1] a class A felony. Leslie presents the following consolidated, restated issues for review:

1. Did the trial court err in admitting the out-of-court statement of a coconspirator?

2. Was the evidence sufficient to sustain the judgment?

We affirm.

The facts favorable to the judgment are that from 1985 through 1988, Terry Hillsamer sold cocaine. At some point during that time period, Hillsamer became dissatisfied with the quality of cocaine delivered by his supplier, David Ruley. He told his roommate, Ed Sperling, that he could obtain cocaine from other sources and on one occasion stated that "Bobbie's quality was always better." *Record* at 365. Sperling subsequently

---

1. Ind.Code Ann. § 35–41–5–2 (West 1986) (Conspiracy); Ind.Code Ann. § 35–48–4–1 (West Supp.1996) (Dealing in Cocaine).

observed that the cocaine purchased from "Bobbie" was of a consistently higher quality than that purchased from Ruley. During this time, Sperling took several messages from a "Bobbie" or a "Bobbie Leslie" who lived in California.

In the winter of 1987, Sperling accompanied Hillsamer to a hotel near Indianapolis International Airport. When Hillsamer entered the room, he received a yellow, wrapped package from a person in exchange for an envelope filled with cash. Hillsamer instructed the person to "[t]ell Bobbie I don't have all of the money. I'll get it to him soon." *Id.* at 354.

Lori Rigsby, who lived with Hillsamer, accompanied him to Indianapolis to attend a football game in September of 1988. Hillsamer dropped off Rigsby at a restaurant and told her he was going to meet with a friend. Hillsamer met with David Long and asked Long to cash a check because Hillsamer needed $2,000.00 to pay for cocaine. Long cashed the check. Approximately one hour later, Hillsamer returned to the restaurant to meet with Leslie.

After the football game, Hillsamer, Rigsby and Sperling met Leslie in another Indianapolis restaurant. Sperling and Hillsamer left the restaurant, obtained additional money from bank machines in the area, and returned to the restaurant. Sperling returned to the restaurant and observed Hillsamer return to his car. Sperling then saw Leslie walk up to Hillsamer's car carrying a gym bag and lean into the passenger side of the car for several seconds. Leslie then walked away from the car and back down the street. When Sperling entered Hillsamer's car shortly thereafter he saw a yellow package of cocaine lying on the passenger's seat. Sperling saw the same package the next day in a bedroom in Hillsamer's house. The package had been cut open. Sperling had seen other yellow packages in Hillsamer's house and they all contained cocaine.

Hillsamer died in November of 1988. Several days after his death, Hillsamer's sister Lynn Blosser went to his office accompanied by Officer Randy Black. At the office, Blosser and Officer Black encountered Sperling, who gave Blosser Hillsamer's briefcase.

Upon opening the briefcase, Blosser found a package containing what she believed to be cocaine, along with a ledger book. Notations contained in the book indicated that Hillsamer had been involved in the sale of cocaine.

1.

Leslie contends upon hearsay grounds that the trial court erred in admitting certain out-of-court statements made by Hillsamer to Sperling.

█ Rule 801(d)(2)(E) of the Indiana Rules of Evidence states: "A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." In order to introduce evidence of a coconspirator's statement, the State must lay an evidentiary foundation establishing the existence of a conspiracy. *Chinn v. State*, 511 N.E.2d 1000 (Ind.1987). Such proof may be either direct or circumstantial and need not be strong. *Id.* The trial court is vested with discretion in determining whether such evidence is sufficient to establish a conspiracy. *Siglar v. State*, 541 N.E.2d 944 (Ind.1989).

█ In the instant case, Sperling testified that Hillsamer was involved in selling cocaine and that Leslie and Hillsamer frequently called each other. Hillsamer transferred thousands of dollars to Leslie by means of Western Union Money Transfers. Occasionally, Leslie would fly to Indianapolis and meet with Hillsamer. At or shortly after these meetings, Sperling observed that Hillsamer would be in possession of distinctive, yellow-wrapped packages containing cocaine. We conclude that the aforementioned evidence was sufficient to establish the existence of a conspiracy for the purpose of laying a foundation for the admission of co-conspirator testimony.

█ Once a foundation has been established, out-of-court statements of a coconspirator may be introduced so long as the State establishes that a conspiracy existed, the declarant and the defendant were participants in the conspiracy, and the statements were made during the course of and in furtherance of the conspiracy. *See United States v. Kel-*

*ly,* 989 F.2d 980 (8th Cir.1993), *cert. denied,* 510 U.S. 874, 114 S.Ct. 206, 126 L.Ed.2d 163 (applying Rule 801 of the Federal Rules of Evidence, the federal equivalent of I.R.E. 801). Leslie contends that the statements in question failed to satisfy the third element, i.e., that they were made during the course of and in furtherance of the conspiracy.

■ Because Indiana courts have not addressed the "during the course of and in furtherance of" requirements of I.R.E. 801(d)(2)(E), we examine those requirements in the context of the rule's federal counterpart, F.R.E. 801. The Second Circuit Court of Appeals set forth the parameters of the in-furtherance requirement of F.R.E.:

> As the "in furtherance" term implies, the statements must in some way have been designed to promote or facilitate achievement of the goals of the ongoing conspiracy, as by, for example, providing reassurance to a coconspirator, seeking to induce a coconspirator's assistance, serving to foster trust and cohesiveness, or informing coconspirators as to the progress or status of the conspiracy, ... or by prompting the listener-who need not be a coconspirator-to respond in a way that promotes or facilitates the carrying out of a criminal activity.... Mere "idle chatter" does not satisfy the in-furtherance requirement.

*United States v. Tracy,* 12 F.3d 1186, 1196 (2nd Cir.1993).

■ The first of the statements in question was, "Tell Bobbie I don't have all the money. I'll get it to him soon." *Record* at 354. Sperling testified that Hillsamer made the statement to a woman acting as courier in a drug transaction between Leslie and Hillsamer. Sperling testified that the woman handed Hillsamer a yellow-wrapped package containing cocaine, in exchange for which Hillsamer handed the woman an envelope which Sperling assumed contained money. Hillsamer made the statement in question while handing the envelope to the woman. The information conveyed in the statement served to facilitate that particular transaction and therefore was admissible pursuant to Rule 801(d)(2)(E). *See Tracy,* 12 F.3d 1186.

■ Two statements in question may generally be characterized as informing Sperling concerning some aspect of Leslie's drug operation. Included were statements indicating that Leslie sold high-quality drugs ("Bobbie's quality was always better", *Record* at 365) and that he delivered ("Bobbie delivers", *id.* at 373). The statements contained descriptions of Leslie's drug operation and were made during the time that Hillsamer and Leslie were actively involved in drug deals. Therefore, it is clear that the statements constituted more than mere "idle chatter" and were admissible pursuant to Rule 801(d)(2)(E).

■ Finally, we consider admission of the statement, "Bobbie was close to being busted or raided ... they just walked away from a, uh, large amount on a ship." *Record* at 374. The statement was offered in response to a question regarding whether Leslie ever sold cocaine in amounts larger than a kilo. Considered in the context of this question, and in view of the fact that Sperling did not provide the context in which Hillsamer made the remark, we cannot say that the remark was other than idle chatter, and was thus inadmissible. *Tracy,* 12 F.3d 1186. Therefore, the trial court erred in admitting the statement.

■ The erroneous admission of hearsay evidence, however, does not require reversal if the error did not prejudice the defendant's substantial rights. *Gray v. State,* 579 N.E.2d 605 (Ind.1991); *Hall v. State,* 634 N.E.2d 837 (Ind.Ct.App.1994); *see also United States v. Johnson,* 927 F.2d 999 (7th Cir.1991). In addition to the properly admitted statements discussed previously, Sperling provided eyewitness testimony describing Leslie's direct participation in at least one drug transaction. We conclude that, in view of the ample other evidence of Leslie's guilt, as set forth in our discussion of Issue 2, the error in admitting the statement in question was harmless. *Snellgrove v. State,* 569 N.E.2d 337 (Ind.1991).

## 2.

Leslie contends that the evidence was insufficient to support the judgment. Leslie characterizes the evidence as composed of

inferences stacked upon inferences and speculation and contends that, absent direct evidence of his participation in the conspiracy, such is insufficient to support the conviction.

 When considering a challenge to the sufficiency of the evidence, we neither reweigh evidence nor judge witness credibility, but consider only the evidence favorable to the judgment together with the reasonable inferences to be drawn therefrom. *Jenkins v. State,* 627 N.E.2d 789 (Ind.1993), *cert. denied,* ── U.S. ──, 115 S.Ct. 64, 130 L.Ed.2d 21.

 Sperling testified that Hillsamer acknowledged on several occasions that he and Leslie were involved in the sale of cocaine. We have concluded that three such statements were properly admitted into evidence. Moreover, on at least one occasion the inference that Leslie participated in drug transactions was based upon direct evidence. Sperling was present when Hillsamer went about acquiring funds for a cocaine purchase, and soon after the money was obtained he observed Leslie walk to Hillsamer's car while carrying a gym bag, lean into the passenger side of the car, and then walk away. When Sperling entered the car shortly thereafter, he observed a distinctively wrapped package later found to contain cocaine. Taken as a whole, this evidence was sufficient to permit a reasonable trier of fact to conclude that Leslie and Hillsamer had entered into an agreement to deal in cocaine and had committed an act in furtherance of the agreement.

Judgment affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.