## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2017, 11:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alan D. Wilson
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

C.C.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 12, 2017

Court of Appeals Case No.
27A02-1611-JV-2960

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

The Honorable Brian F. McLane, Juvenile Magistrate

Trial Court Cause No.
27D02-1510-JD-195

**Bailey, Judge.**

# Case Summary

C.C. was adjudicated a juvenile delinquent for an act that, if committed by an adult, would constitute Child Molesting, as a Level 3 Felony.[1]  He now appeals this adjudication.

We affirm.

# Issues

C.C. presents two issues for our review, which we restate as:

    I.    Whether there was sufficient evidence of intent to support the judgment; and

    II.    Whether the juvenile court committed fundamental error when it did not *sua sponte* conduct an inquiry into the testimonial competence of C.C.'s victim.

# Facts and Procedural History

During 2015, C.C., aged fourteen years, was living with his grandparents and several other family members in Marion.  In July 2014, relatives of C.C., including seven-year-old S.B. and S.B.'s mother, moved into the home and remained there until August 2015.  S.B. was, at the time of the proceedings before the juvenile court, being considered for evaluation for Attention

---

[1] Ind. Code § 35-42-4-3(a).

Deficit/Hyperactivity Disorder ("ADHD") and autism due to self-harming and other socially atypical behavior.

[5] Sometime in the summer of 2015, S.B. began to display sexualized behavior toward relatives and visitors to the home. In early August 2015, S.B.'s mother showed S.B. an ultrasound image from when she was pregnant with him, and identified body parts on the ultrasound. In response, S.B. reported having performed oral sex on C.C. S.B.'s mother contacted a therapist, who interviewed S.B. two days later; the therapist subsequently contacted police.

[6] After an investigation, on October 27, 2015, the State filed its delinquency petition. The State alleged C.C. to be a delinquent by having engaged in one act that, if committed by an adult, would constitute Child Molesting, as a Level 4 felony, and three acts that, if committed by an adult, would constitute Child Molesting, as Level 3 felonies.

[7] On August 31, 2016, a fact-finding hearing was conducted on the petition. During the hearing, S.B. provided testimony; at the beginning of the testimony, the State inquired as to whether S.B. understood the difference between truth and lies. After the close of the State's evidence, C.C. moved for directed verdict, and the court found C.C. not delinquent as to the Level 4 count and one Level 3 count. At the hearing's conclusion, the juvenile court entered a true finding as to one of the remaining Level 3 counts, but concluded the State had not carried its burden on the remaining Level 3 count and dismissed it.

[8] A dispositional hearing was conducted on October 26, 2016. At the end of the hearing, the court ordered C.C. to serve six months of probation and ninety days of detention, with the entirety of that term suspended, and ordered C.C. to engage in counseling and family services.

[9] This appeal ensued.

# Discussion and Decision

## Sufficiency of the Evidence

[10] C.C.'s first contention on appeal is that the State did not adduce sufficient evidence at the fact-finding hearing to sustain the trial court's true finding as to conduct that would constitute Child Molesting, as a Level 3 felony, as alleged. Our standard of review for sufficiency of the evidence challenges in juvenile delinquency proceedings is the same as that in criminal sufficiency matters. *A.M. v. State*, 981 N.E.2d 91, 94 (Ind. Ct. App. 2012).

> Accordingly, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or assess the credibility of witnesses, and we consider conflicting evidence most favorably to the trial court's ruling. *Id.* We will affirm if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Dabner v. State,* 258 Ind. 179, 182, 279 N.E.2d 797, 798 (1972). But we will reverse if no reasonable trier of fact could find the elements of the offense proven beyond a reasonable doubt. *Drane,* 867 N.E.2d at 146.

*Id.*

[11] Here, C.C. was alleged to have engaged in conduct that, if committed by an adult, would constitute Child Molesting, as a Level 3 felony. The State was required to prove beyond a reasonable doubt that C.C. knowingly or intentionally performed or submitted to sexual conduct, namely, an act involving the sex organ of one person and the mouth or anus of the other, with S.B. being under the age of fourteen. *See* I.C. § 35-42-4-3(a); App'x Vol. 2 at 12.

[12] C.C.'s challenge relates only to whether there was sufficient evidence of intent necessary to sustain the true finding. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). Intent "'may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points.'" *Amphonephong v. State*, 32 N.E.2d 825, 833 (Ind. Ct. App. 2015) (quoting *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000)).

[13] The evidence adduced at the fact-finding hearing that supports the judgment is as follows. At the hearing, S.B. testified that when he and his parents were living in the same home as C.C., the two boys were in S.B.'s parents' room when C.C. said S.B. could "put my mouth" on C.C.'s penis. (Tr. at 38.) When asked, "he [C.C.] said you [S.B.] could do that" and "[h]e was going to allow

you to do that," S.B. responded in the affirmative. (Tr. at 38.) When asked whether S.B. engaged in this act, S.B. said "Yes." (Tr. at 38.) When the deputy prosecutor asked whether S.B. could "tell me any more about that" incident, S.B. stated that that was all he had to say. (Tr. at 39.)

[14] After this questioning, the State inquired as to whether C.C. had shown S.B. any videos, and S.B. answered that this had occurred. The State asked what the videos portrayed, and S.B. stated, "Like about what he did in the house." (Tr. at 41.) When the State asked whether the videos showed "people putting their mouths on someone's penis," S.B. answered "Yes." (Tr. at 41.) When asked whether it "was close to the time that he showed you the video that these bad things happened," S.B. answered in the affirmative. (Tr. at 41.)

[15] S.B.'s testimony, then, is sufficient evidence from which the juvenile court could reasonably infer that C.C. knowingly or intentionally submitted to S.B. performing oral sex. To the extent that C.C. draws our attention to other evidence, including his own statement to police concerning other events involving him and S.B., we note that we are not free to reweigh evidence. We accordingly affirm the juvenile court's judgment.

# Competence

[16] We turn now to C.C.'s other contention on appeal, that the trial court erred when it did not exclude S.B.'s testimony as incompetent.

Our rules of evidence provide that "[e]very person is competent to be a witness" unless otherwise provided by rule or statute. Ind. Evidence Rule 601. Specifically concerning children's testimony, this Court has stated:

> A child's competency to testify at trial is established by demonstrating that he or she (1) understands the difference between telling a lie and telling the truth, (2) knows he or she is under a compulsion to tell the truth, and (3) knows what a true statement actually is. *Richard v. State,* 820 N.E.2d 749, 755 (Ind. Ct. App.2005), *trans. denied, cert. denied,* 546 U.S. 1091, 126 S.Ct. 1034, 163 L.Ed.2d 856 (2006). "To be qualified to testify, a child need not be a model witness, have an infallible memory, or refrain from making inconsistent statements." *Casselman v. State,* 582 N.E.2d 432, 435 (Ind. Ct. App. 1991).

*Kien v. State*, 866 N.E.2d 377, 385 (Ind. Ct. App. 2007), *trans. denied*.

C.C. acknowledges that he did not raise an objection to this issue at trial. Preservation of error associated with the admission of evidence requires a contemporaneous objection to preserve an issue for appellate review. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010); Evid. R. 103(a). Where a defendant has otherwise waived appellate review through failure to lodge a contemporaneous objection, appellate relief may be obtained only in cases of fundamental error. *Brown*, 929 N.E.2d at 207. The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id.* (citations and quotations omitted). To obtain relief, the error must have made a fair trial impossible or

amounted to a clearly blatant violation of basic and elementary principles of due process. *Id.*

[19] Here, after the court administered an oath to S.B., the State examined S.B. to discern whether he understood the difference between the truth and a lie:

> Q: Okay, uhm [S.B.] I want to talk about what the judge said the things that are the truth today, and not things that are a lie or things that are fantasy, okay?
>
> A: Uhm uhm.
>
> Q: Okay, and its [sic] very important to do that. Now if I where [sic] to say that this elephant you have here is alive and well and eats dinner and does his homework at night would that be the truth or lie?
>
> A: Lie.
>
> Q: Okay, and if I where [sic] to say that there's 3 people sitting at this table would that be the truth or a lie?
>
> A: Truth.
>
> Q: Okay so its [sic] very important that we, everything that we talk about today is the truth, okay….

(Tr. at 34.) On another occasion, the State twice asked S.B. whether he had told "the whole truth," to which S.B. replied, "Yes." (Tr. at 49.)

S.B. contends that despite this, the trial court should have rejected S.B.'s testimony, and that it erred when it did not conduct a further competency evaluation given S.B.'s sexualized behavior around the time of the alleged molestation by C.C., S.B.'s possible evaluation and treatment for ADHD or autism, and S.B.'s mother's statement that S.B. would "drift into fantasy." (Appellant's Br. at 17.) Yet C.C. does not identify instances at trial in which any of this impinged upon his ability to cross-examine S.B. or led S.B. to give testimony that was entirely lacking in credibility. C.C. points to the trial court's dismissal of one of the allegations of Child Molesting as establishing S.B. as not competent and, indeed, unreliable, and that the court itself recognized this. However, the trial court in that instance did not find S.B. unreliable: rather, it concluded that after hearing from C.C.'s witnesses, "there was some conflicting indication there and I can't conclude beyond a reasonable doubt that, that [other offense] occurred." (Tr. at 123.)

We cannot conclude, then, that the trial court committed fundamental error in permitting the State's examination of S.B. to proceed without the court also making a separate competence determination.

# Conclusion

There was sufficient evidence adduced to sustain the trial court's finding of "true" as to a single count of Child Molesting. There was no fundamental error associated with S.B.'s competence to testify at trial.

Affirmed.

Vaidik, C.J., and Robb, J., concur.